## CIRCUIT COURT OF LOUDOUN COUNTY

Commonwealth of Virginia

v.

Sean Carney

January 27, 1992

Case No. (Criminal) 7687

BY JUDGE JAMES H. CHAMBLIN

This case is before the Court on the defendant's motion to suppress certain evidence because the defendant was unlawfully arrested. The Court heard evidence on January 2, 1992.

For the reasons hereinafter set forth, the Motion is denied.

### Findings of Fact

Shortly after 10:00 p.m. on November 16, 1990, Deputy Ray Sullivan received a radio dispatch of an armed and suspicious person at Friendly's Restaurant in the Sterling Mall, Loudoun County, Virginia. He met with the manager, and as a result, there was radio traffic between him and dispatch. Deputy Pete Becerra, while on duty in plainclothes and in an unmarked car, heard some of this radio traffic. He heard reports of a suspicious person with a gun in the vicinity of Friendly's. Shortly thereafter, he heard further reports on the radio of a white male in a long dark hooded coat with a handgun.

Deputy Becerra parked behind Friendly's. Businesses were still open in the mall, and the area was lighted. Within a few minutes, Deputy Becerra approached a group of individuals near him. One of them was a white male with a below-the-knee dark coat. There were no other individuals in the group who were male with a long coat. Deputy Becerra saw nothing suspicious and saw no weapons. He had never met the defendant and had no knowledge of him. The business near the group of individuals was still open, and Deputy Becerra knew it was common for people to hang around in that area.

Deputy Becerra used his radio to get the assistance of a uniformed deputy in order to approach the suspected suspect of the lookout broadcast over the radio. Deputy Becerra approached the group from one direction, and Deputy Sanchez, in uniform, approached from the opposite direction.

With weapons drawn, they approached the group and the white male in the long dark coat. Approximately three to five feet from the male, Deputy Becerra with his weapon drawn and pointed toward the male said, "Police, don't move, and take your hands out of your pockets." The male took his hands out of his pockets slowly, shrugged his shoulders at another male next to him, and then ran away from the officers.

The officers pursued the male, but he eluded them. However, a few hours later, he was located, apprehended, and certain items were seized. The male was identified by Deputy Becerra as the defendant.

### Conclusions of Law

The defendant argues that, when the officers approached the defendant with their weapons drawn, the defendant's seizure became an arrest rather than a permissible stop under *Terry v. Ohio*, 392 U.S. 1, 88 S. Ct. 1868 (1968), and the arrest was unlawful because the officers did not have probable cause to arrest the defendant.

Initially, I must agree that the officers did not have probable cause to arrest the defendant when they approached him. They did not have knowledge of sufficient facts and circumstances to warrant a reasonable man in believing that an offense had been committed and that the defendant had committed it. However, they did have information and personal observations by which they could reasonably conclude that some criminal activity had occurred and the defendant was connected with it. Hence, they had the right to approach the defendant to make reasonable inquiries.

An arrest creates a complete restriction on the liberty of movement of an individual, but so does an investigative stop under *Terry*. *See*, LaFave, *Search and Seizure*, § 9.2(d). An investigative stop is not a lesser intrusion than an arrest because the restriction on an individual's movement is incomplete, but because the stop is brief when compared with an arrest. In *United States v. Hensley*, 469 U.S. 221, 105 S. Ct. 675 (1985), the United States Supreme Court held that an officer's approach of a car with his weapon drawn when he

had a report that the driver was armed and dangerous did not transform an otherwise permissible *Terry* stop into an arrest. The officer's conduct in this case was within the permissible range in the context of a suspect which they could reasonably have suspected to be armed and dangerous.

The motion to suppress is denied.